

**SIGNED THIS 19th day of March, 2020**

*Rebecca B. Connelly*
Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: | |
| APRIL DAWN LONG, et al., | Case No. 14-50317 |
| Debtor(s). | Chapter 13 |
| *Jointly Administered* | Judge Rebecca B. Connelly |
| | |
| HERBERT L. BESKIN, STANDING CH. 13 TRUSTEE, PLAINTIFF | |
| V. | Adv. Proc. No. 19-05036 |
| MILLER LAW GROUP PC AND LARRY LYNN MILLER, DEFENDANTS. | |

_____

**ORDER**
_____

These cases came before the Court, in the adversary proceedings filed by Herbert L. Beskin, the Standing Chapter 13 Trustee, against Larry Lynn Miller and Miller Law Group PC,

1

and the motion filed by the United States Trustee in Case No. 19-62361 against those same Defendants, all of which have been procedurally consolidated under the consolidated case number set forth in the above caption (together, the "Consolidated Cases"), upon the joint motion of the Plaintiff and Movant (the "Motion") for the entry of an Order approving the terms of a settlement reached among them and Larry Lynn Miller and Miller Law Group PC.  The Motion has not been contested by Defendants, as evidenced by the endorsement of their respective counsel below.  Upon review of the Motion and the written agreement of the parties setting forth the terms of the proposed settlement, attached to the Motion as an exhibit (the "Agreement"), and notice having been provided by counsel for the Plaintiffs to all parties in interest whose cases are involved, and there having been no objections timely filed or made to the relief requested in the Motion, the Court finds as follows:

    A.  The notice of the Motion provided to the debtors in the Consolidated Cases constitutes adequate notice and opportunity for hearing under Bankruptcy Rule 9019 as to each of the Consolidated Cases.

    B.  There has been no timely objection filed or made to the relief sought in Motion.

    C.  The provisions set forth in the Motion and the Agreement provide an appropriate and complete resolution of all claims and matters in controversy.

It is accordingly

**O R D E R E D**

as follows:

    1.  The provisions of the Agreement, a copy of which is attached to this Order and by reference made a part of this Order, are approved in all respects and shall bind Larry Lynn Miller, Miller Law Group PC and the Movants.

    2.  This Order constitutes a dispositive resolution of the matters set forth in the Consolidated Cases.

3. This Court shall retain jurisdiction of the Consolidated Cases for the purpose of interpreting and enforcing the provisions of the Agreement.

A copy of this Order shall be mailed to all Debtors in the Consolidated Cases.

***End of Order***

WE REQUEST AND CONSENT TO THIS ORDER:


/S/ Steven Shareff (via e-mail authorization)
*Counsel for Larry Lynn Miller*


/S/ Larry Lynn Miller (via written authorization)
*Counsel for Miller Law Group PC*


/S/ Dale A. Davenport
*Counsel for Herbert L. Beskin,*
*Standing Chapter 13 Trustee*


/S/ Margaret K. Garber (via e-mail authorization)
*Counsel for the United States Trustee*

This Agreement, dated February 10, 2020 for identification (this "Agreement"), is made by and among Larry Lynn Miller ("Miller"), Miller Law Group PC ("MLG"), Herbert L. Beskin, Standing Chapter 13 Trustee ("Beskin"), and John P. Fitzgerald, III, Acting United States Trustee for Region Four ("Fitzgerald"), provides:

Recitals:

A.  Beskin has filed complaints against Miller and his law firm MLG, in fourteen Chapter 13 cases (the "the APs"), which have been procedurally consolidated under *In Re April Dawn Long, Adversary Proceeding No. 19-05036*, and are currently pending in the United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division (the "Bankruptcy Court", which term as used herein shall include all divisions of the Western District of Virginia).

B.  Fitzgerald has filed a *Motion for Review of Attorney's Fees and Relief Under 11 U.S.C. § 526* in the Chapter 7 case of *In Re Kassandra Robbyn Gatewood-Vest, Case No. 19-62363* (the "Motion"), seeking civil penalties and other relief against Miller and MLG, which has been procedurally consolidated with the APs under the *In Re April Dawn Long* case (the APs and the Motion are referred to herein as the "*Consolidated Cases*").

C.  Miller, Beskin, MLG, Fitzgerald have agreed, subject to the approval of the Bankruptcy Court after proper notice and hearing, to settle all matters involved in the *Consolidated Cases* upon the terms set forth in this Agreement:

Now therefore, in consideration of the recitals, which are incorporated as part of this Agreement, and of the mutual benefits inuring to each of the parties, they agree as follows:

1. Three-Year Suspension of Right to Practice.  Commencing on the later of the date of the approval of this Agreement by the Bankruptcy Court or April 20, 2020 (the "Commencement Date") and continuing for three continuous years thereafter (the "Suspension Period"), Miller shall not practice or otherwise be engaged in bankruptcy law in the Western District of Virginia (the "Western District"), either directly or indirectly.  This exclusion from practice and engagement shall include, but shall not be limited to, any one or more of the following:

(a) Serving as an attorney for a debtor or any other party in a bankruptcy case in the Western District.

(b) Preparing for, discussing with, or advising any person with regard to the preparation of a bankruptcy petition, list, statement, schedule, or pleading applicable to any case filed or unfiled in the Western District.

(c) Providing to any person information or documents, whether on paper or electronic, related to bankruptcy law in the Western District.

(d) Serving as an advisor, consultant, employee, employer, contractor, partner, owner, shareholder, member, manager, trustee, or in a similar role for or as to any person who acts as described in subsection 1(a), 1(b), or 1(c).

(e) Receiving money or any other thing of value in connection with a bankruptcy case in the Western District, except (i) as set forth in Paragraph 6 of this Agreement, and (ii) with respect to a sale of the law practice of Miller or MLG, provided that the terms of any such sale

1

together with copies of transaction documents shall have been provided to Beskin and Fitzgerald prior to the closing of such sale.

(f) Engaging in advertising of any kind, including but not limited to newspapers, other print media, television, radio, Internet, or other electronic media or communication methods, related to bankruptcy generally or to a bankruptcy case in the Western District.

2. Application for Reinstatement. After the Suspension Period, Miller may at his discretion and at any time of his choosing apply to the Bankruptcy Court to have his right to practice bankruptcy law in the Western District reinstated. Any such reinstatement shall occur only after a hearing upon prior notice to the Roanoke Office of the United States Trustee and Beskin or his successor. At the hearing, all relevant conduct of Miller prior to, during, or after the Suspension Period may be considered.

3. Transfer of Pending Cases and Other Cases. Miller and MLG shall cooperate with the other parties, the debtors in the Consolidated Cases, all other debtors currently represented by Miller or any of MLG's attorneys in any case pending in the Bankruptcy Court, all current clients of Miller or MLG whose bankruptcy cases have yet to be filed, and all other persons who become bankruptcy clients of Miller or MLG before the Commencement Date (any one of whom is referred to herein as a "Client" and collectively as "Clients") to arrange and ensure the orderly transfer to substitute counsel ("Substitute Counsel") of all of Miller's pending and not yet filed bankruptcy cases, so that such cases can be completed, or commenced and prosecuted to conclusion, as applicable. In the event that Miller or MLG sell their bankruptcy practice to another attorney, then such purchasing attorney may seek to become Substitute Counsel for any Client upon proper application and order of the Bankruptcy Court. Regardless of whether the law practice is sold, Miller's cooperation shall include, but not be limited to, the following:

(a) Promptly providing upon the written or oral request of Clients or Substitute Counsel, at no expense to any Client or Substitute Counsel, copies of the paper and electronic file materials of Miller and MLG.

(b) Within ten business days after the Commencement Date, notice shall be mailed by Miller to each Client notifying them of the circumstances, which notice shall be substantially in the form of the letter included as **Attachment A** hereto, and shall include a copy of the Bankruptcy Court order approving this Agreement. Miller shall also mail a copy of each notice letter to (i) possible Substitute Counsel as identified by the other parties to this Agreement and to (ii) Beskin and Fitzgerald.

(c) Execution and endorsement of pleadings necessary or appropriate to transfer the Clients to Substitute Counsel.

4. Notice to Prospective Bankruptcy Debtors. Within ten business days after the Commencement Date, Miller shall do all of the following:

(a) Take all reasonable actions to terminate all advertising of bankruptcy services by Miller and MLG. Such termination shall be immediate, if possible without a substantial financial penalty to Miller or MLG, and if not, at the earliest possible time such can occur without such a penalty.

(b) Place a recorded message on the MLG telephone system, including but not limited to telephone calls to (434) 974-9776), advising callers that neither Miller not MLG are engaging any longer in the practice of bankruptcy law in the Western District or the provision of any bankruptcy services in the Western District, which message shall remain active for two years after the Commencement Date or until neither Miller nor MLG are engaged in the practice of law.

5. <u>Forfeiture of Fees</u>. Miller waives all claim, right, and interest in one-half of the fees for Clients' Chapter 13 cases pending in the Western District on the Commencement Date (such one-half amount is believed to be approximately $170,000.00), which fees would otherwise be paid to Miller or MLG by the Standing Chapter 13 Trustee as such cases progress.

6. <u>Payment of Fees and Expense Monies</u>.

(a) Beskin shall pay to Miller the remaining one-half of fees described in Paragraph 5, to the extent such fees are actually received by Beskin in the normal course of the performance of Beskin's duties as the Standing Chapter 13 Trustee. As Beskin receives payments from a Client he shall pay equal amounts to Miller and to Substitute Counsel from the monies that he otherwise would have paid to Miller and MLG.

(b) With respect to fees and expense monies received by Miller or MLG from persons that retained or retain Miller or MLG for representation in a bankruptcy case and for whom a bankruptcy case has not been filed before the Commencement Date, within ten days after the Commencement Date Miller or MLG shall refund any unearned fees and expense monies to such persons along with an itemized accounting of services rendered related to any fees Miller or MLG assert were earned through the provision of compensable legal services.

7. <u>Records of Paragraph 6(b) Fees and Costs</u>. Within ten days after the Commencement Date, Miller shall provide to Beskin and Fitzgerald a copy of the financial records of Miller and MLG, including trust account general ledgers and any other applicable records, sufficient to show the amount of fees and associated filing fees described in Paragraph 6(b), including earned and unearned fees.

8. <u>Waiver of Further Claims by Beskin</u>. Effective upon the performance of all of Miller's obligations in this Agreement, including but not limited to those described in Paragraph 1, Beskin waives as to Miller all claims, including the claim for attorneys' fees, asserted in the APs and other Chapter 13 cases Miller or MLG has filed in the Western District.

9. <u>Waiver of Claims by Fitzgerald</u>. Effective upon the performance of all of Miller's obligations in this Agreement, including but not limited to those described in Paragraph 1, Fitzgerald waives the monetary sanctions requested in the Motion, including fee disgorgement.

10. <u>Evidence of Compliance</u>. In addition to any reporting obligations otherwise set forth in this Agreement, Miller shall provide, upon the request of Beskin or Fitzgerald from time to time, reasonable evidence of compliance in all respects with Miller's obligations set forth in the Agreement.

11. <u>Further Acts</u>. Each of the parties shall promptly perform, upon the request of another from time to time, such further acts as needed to reasonably accomplish the intents and purposes of this Agreement.

12. <u>Compliance With Rules of Supreme Court of Virginia</u>.  Notwithstanding the foregoing, no provision of this Agreement shall be construed so as to relieve Miller or MLG from any provision of Part 6 of the Rules of Supreme Court of Virginia.

4

_____
Larry Lynn Miller
*Individually and as the sole shareholder, director and officer of Miller Law Group PC*

_____
Herbert L. Beskin
*Standing Chapter 13 Trustee*

_____
Margaret K. Garber
*Assistant United States Trustee for the Western District of Virginia, as authorized signatory for John P. Fitzgerald, III, Acting United States Trustee for Region Four*

5

_____
Larry Lynn Miller
*Individually and as the sole shareholder, director and officer of Miller Law Group PC*


_____
Herbert L. Beskin
*Standing Chapter 13 Trustee*

MARGARET GARBER
Digitally signed by MARGARET GARBER
Date: 2020.03.17 09:42:51 -04'00'

_____
Margaret K. Garber
*Assistant United States Trustee for the Western District of Virginia, as authorized signatory for John P. Fitzgerald, III, Acting United States Trustee for Region Four*

5

## ATTACHMENT A

[Date]

[Debtor name and Address]

Dear [Debtor's name]:

    Miller Law Group PC and I stopped practicing bankruptcy law on [the Commencement Date]. As a result, your case will have to be transferred to another attorney.

    The Chapter 13 Trustee has asked me to emphasize that it is very rare to complete a case without some problems arising. When that happens, you need an attorney. Often you have to move quickly to keep your case from being dismissed.

    The Chapter 13 Trustee urges you to hire an attorney now, so that you will have someone to give you advice throughout your case and quickly assist you if problems arise. If you take this recommendation and obtain a new lawyer, you should ask that lawyer to obtain your file from me. I am sending a copy of this letter to several attorneys who may be willing to take your case. A list of those lawyers with telephone numbers and addresses is enclosed.

    I will transfer a portion of the fees you already paid me, if any, and of future fees to be paid by the Chapter 13 Trustee, to your new lawyer.

    I apologize for any inconvenience or confusion this may cause you.

    If you have questions about any of this, please contact Herbert Beskin, the Chapter 13 Trustee at (434) 817-9913.

                                        Very truly yours,

                                        Miller Law Group PC


                                        Larry L. Miller

pc: [Possible Substitute Counsel as identified by Beskin or Fitzgerald]

Enclosure: Bankruptcy Court Order